UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CHRISTOPHER OLDACRE, individually and on behalf of all others similarly situated,

                                   Plaintiff,

v.

ECP-PF CT OPERATIONS, INC.,

                                   Defendant.

Civil Case No.: 22-cv-00577(JLS)

**DECLARATION OF JOHN HRINDA IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

      I, John Hrinda, declare, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, the following:

      1.    I am employed by ECP-PF CT Operations Inc. ("Planet Fitness") as the Vice President of NY Operations.

      2.    I have been employed by Planet Fitness for approximately nine years and have held my current position for approximately six years.

      3.    As the Vice President of NY Operations, I am responsible for overseeing all 41 gyms affiliated with ECP-PF CT Operations Inc. in New York including the Cheektowaga, New York club location, where the Plaintiff, Christopher Oldacre, worked.[1]

---

[1] The gym located in Cheektowaga, NY is operated by ECP-PF Operations West LLC, a franchisee of Planet Fitness Franchising LLC and an indirect wholly owned subsidiary of ECP-PF Holdings Group, Inc., a holding Company. ECP-PF CT Operations Inc. employs the individual workers at franchise locations operated by ECP-PF Operations West LLC in New York. ECP-PF Operations West LLC and ECP-PF CT Operations Inc. are wholly owned subsidiaries of ECP-PF Holdings Group, Inc.

4. The gyms generally have a consistent design. Each has a front desk, where members check in before using the gym, and where they can buy various merchandise, food, and beverages. Each gym has numerous pieces of exercise equipment and free-weights provided by several national manufactures that members use to exercise, and each gym has male and female locker rooms with lockers, bathrooms, and showers. Each piece of exercise equipment has a QR Code that permits members to scan the code on their phone and a video showing how to use the equipment can be viewed on their phone through external manufacturer websites.

5. Plaintiff was employed as a Front Desk Associate from approximately October 18, 2021 to January 13, 2022. He was promoted to Team Lead, to be effective, January 16, 2022, but voluntarily resigned on January 13, 2022.

6. As a Front Desk Associate, Plaintiff's responsibilities included, among other things, greeting guests, signing up new club members, giving tours, answering questions, providing billing updates, and some cleaning. He was also responsible for selling Planet Fitness apparel (hats, shirts etc.), tanning lotion, beverages (*e.g.,* Gatorade, water) and protein bars. Employees and members pay for such purchases using a debit or credit card; the gym does not accept cash.

7. When all employees are hired, including Plaintiff, they are offered a complimentary "Black Card" gym membership as an employee perk. The "Black Card" membership permits them to use of any Planet Fitness gym in the United States, whether it is operated by Planet Fitness franchisee, or is a location operated by Planet Fitness corporate, subject to limitations set forth in the membership agreement.

8. Employees may sign up at any time in their employment but are under no obligation to do so.

9. Plaintiff elected to enroll as a Black Card employee-member. Nick Zimmerman, Plaintiff's General Manager, enrolled him as an employee-member.

10. Attached as Exhibit 1 is a copy of a November 10, 2021 e-mail sent to Plaintiff to his personal e-mail address, oldacres@live.com, attaching a copy of the membership agreement he signed electronically at the gym.

11. Attached as Exhibit 2 is a copy of the Membership Agreement attached to the e-mail. This Agreement and e-mail attaching it are stored electronically in the Company's ABC DataTrak application which is how I accessed them.

12. Employees or members can cancel the contract within three days after signing if they wish. Plaintiff did not exercise the option to cancel the contract.

13. Paragraph 12 of the Agreement requires any disputes to be resolved by arbitration, subject to the provisions of the Agreement, and any exceptions. An individual, for example, is permitted to bring an individual action in small claims court if the dispute is within the jurisdiction of that court.

14. The Agreement also permits an individual to opt-out of the arbitration agreement within 30 days of signing it, by providing written notice via email to cheektowaga.ny@ecp-pf.com or by mail to 100 Thruway Plaza Dr., Cheektowaga, NY 142225. Thus, individuals are not required to arbitrate claims if they choose to opt-out of that provision. The Plaintiff here did not exercise the option to opt-out of arbitration.

15. This Declaration is based on my own personal knowledge. The documents attached to this Declaration are documents made in the regular course of business, and it was the Company's regular course of business to make such records.

16. I am over the age of 18 and declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/13/22

_____
JOHN HRINDA

4885-2328-2738, v. 1